IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re**: <br><br> **TOMAS DUEÑO ESPADA** <br> **MERCEDES E. LUGO RODRIGUEZ** <br><br> **Debtors** | **CASE NO. 16-00470 (ESL)** <br><br> **Chapter 13** |

### OBJECTION TO CONFIRMATION OF AMENDED PLAN DATED APRIL 4, 2016

TO THE HONORABLE COURT:

COMES NOW **BANCO POPULAR DE PUERTO RICO, SERVICER FOR FANNIE MAE** (hereinafter "Banco Popular"), represented by its undersigned attorneys, and very respectfully alleges, states and prays:

1. On January 26, 2016, (Docket No. 1), Debtor's filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. On March 15, 2016 (Claim No. 1), Banco Popular filed a secured claim in the amount of **$91,404.24** with pre-petition arrears in the same amount, regarding loan #5794, secured by a first mortgage in the principal amount of $153,000.00 over Debtor's residence, namely, real property located at #631 Cupido St., Venus Gardens, in San Juan, Puerto Rico, accruing interest at **6.75%** and matured since **February 2012**.

3. On April 4, 2016, (Docket No. 53), Debtors filed an amended Chapter 13 plan dated April 4, 2016, providing for 12 monthly payments of $1,600.00, 48 subsequent monthly payments of $5,400.00, and a lump sum of $300,000.00 from the financing of an inherited

property; to the Chapter 13 trustee, for a total plan base of **$578,400**, and allegedly paying in full Banco Popular's loan #5794, **in the amount of $71,331.64 plus 6.75% annual interest.**

### Objection to confirmation

4. Banco Popular objects to the confirmation of the amended plan dated April 4, 2016.

(a) Debtors understate Banco Popular's secured indebtedness. See, 11 U.S.C. §1325(a)(5).

(b) Debtors do not provide for adequate protection on Banco Popular's secured indebtedness. See, 11 U.S.C. §1325(a)(5).

(c) Debtors' proposed financing transaction of "Inheritance Property" is speculative, and not feasible. See, 11 U.S.C. §§1325(a)(5), §1325(b).

(d) Debtors have not presented evidence of any efforts made to finance the inherited property, and the availability of other heirs.

(e) As of today, Debtors schedules have not been filed. See, Docket No. 30.

(f) Any amended Chapter 13 plan must also provide for the payment of Banco Popular's post-petition legal expenses in prosecuting its claim and objecting to the confirmation of unsuitable plans.

**WHEREFORE,** it is respectfully requested that this Honorable Court enter an order denying the confirmation of Debtors' amended plan dated April 4, 2016.

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed electronically on this day with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to Debtors' attorney, Rosana Moreno Rodriguez, Esq.,

rmoreno@morenosolterolaw.com, and to the Chapter 13 trustee, José R. Carrión Morales, newecfmail@ch13-pr.com.

In San Juan, Puerto Rico, this 13th day of April, 2016.

    *s/SERGIO A. RAMIREZ DE ARELLANO*
SERGIO A. RAMIREZ DE ARELLANO
SERGIO A. RAMIREZ DE ARELLANO LAW OFFICES
Attorneys for BANCO POPULAR
Banco Popular Center, Suite 1022
209 Muñoz Rivera Ave.
San Juan, PR 00918-1009
Tel. (787) 765-2988
Fax (787) 765-2973
USDC #126804
sramirez@sarlaw.com