IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          CASE NO. 16-00470 (ESL)

TOMAS M. DUENO ESPADA                           CHAPTER 13
MERCEDES E. LUGO RODRIGUEZ

          DEBTORS

MEMORANDUM OPINION

This case came before the court on March 7, 2018 for a hearing to consider confirmation of debtors' chapter 13 plan and the contested matter related to the debtors' objection to claim number 9 filed by Carolina Building Materials, Inc. ("Carolina"). The court issued a bench ruling denying Carolina's motion for reconsideration (dkt. #204) because there are material issues of fact in controversy and an evidentiary hearing on the merits is necessary. Counsel for Carolina requested findings and legal basis for the court's ruling. The court stated that the same would be made in writing in a separate memorandum. The instant memorandum so constitutes.

Background

Debtors filed a bankruptcy petition under chapter 13 of the Bankruptcy Code on January 26, 2016. Carolina filed a general unsecured claim on May 24, 2016 in the amount of $17,591.09 for goods sold. Attached to the proof of claim are a series of invoices in the name of Tomás Dueño – Cash, to be shipped to Mr. Tomás Dueño.

On January 24, 2017 the debtors filed an objection to Carolina's proof of claim alleging that the amounts claimed as owed are related to debtors' business, TD Iron Works Corp., a chapter 7 debtor in case number 16-01192, in which Carolina was listed as a creditor. On February 22, 2017 Carolina filed its answer alleging that the supporting documentation to the claim showed that the purchases were invoiced and shipped to Mr. Tomás Dueño, and thus the claim constituted prima facie evidence of its validity, which had not been rebutted by debtors in their objection. The answer attached the copies of the invoices that had been included with the proof of claim.

On July 31, 2017 the court entered an order granting debtors' objection to Carolina's proof of claim number 9. Carolina moved for reconsideration of the order disallowing its claim on August 10, 2017. The debtors filed their opposition to the motion for reconsideration on the basis that Carolina had failed to comply with PR LBR 9013-1(c)(1), which requires that all documents filed include objection language. The court denied debtors' opposition to the motion for reconsideration, and on September 11, 2017 granted Carolina's motion for reconsideration and scheduled the matter for a pretrial.

On November 14, 2017 Carolina filed a motion for summary judgment. Carolina states that the merchandise was requested by Mr. Tomás Dueño and delivered to him, as evidenced by the supporting documentation. Carolina also contends that debtors failed to submit any supporting evidence to their allegations. Thus, debtors failed to meet their burden of rebutting the claim's presumptive validity. Consequently, the claim should be allowed.

The debtors replied to the motion for summary judgment alleging that the claim is a corporate debt of debtors' business, TD Iron Works, Corp. ("TD Iron Works"), and that this constituted a material issue of fact. Debtors allege that they are employees of TD Iron Works, that their tax returns so corroborate, that TD Iron Works paid the invoices for the goods purchased, that the receipts by Carolina are in the name of TD Iron Works, and that TD Iron Works included Carolina as a creditor in its chapter 7 petition. The next day after the debtors' opposition was filed and, as proffered in the opposition, the following supporting documentation was filed: tax returns which included withholding statements in debtors' name made by TD Iron Works; account information letters submitted by Carolina to TD Iron Works; payment receipts by Carolina to TD Iron Works; invoices from Carolina to TD Iron Works; purchase orders from T.D. Iron Works to Carolina; checks issued to Carolina by TD Iron Works and signed by debtors; manager's checks purchased by TD Iron Works and including Carolina

as payee; a certification by the Puerto Rico Department of State issued on June 22, 2000 to the effect that TD Iron Works is a registered corporation for profit; TD Iron Work's certificate of incorporation; TD Iron Works corporate tax returns; and annual reports from the Puerto Rico Department of State as to TD Iron Works as a for profit domestic corporation whose authorized person, resident agent, president and owner is Mr. Tomás Dueño. Carolina replied to debtors' opposition to the motion for summary judgment alleging that debtors' opposition raised issues that were not included in their original objection, that such action constituted an improper amendment of pleadings, and that debtors had failed to contest Carolina's statement of uncontested facts.

After considering the documents related to the motion for summary judgment, on January 24, 2018 the court entered an order denying Carolina's motion for summary judgment finding that there is material contested issue of fact as to whether the amounts are owed by the debtors or TD Iron Works.  On February 6, 2018 Carolina moved for reconsideration on the grounds the court committed a manifest error of law in denying the motion for summary judgment as the debtors failed to genuinely dispute the facts.  Carolina bases its request on Fed. R. Civ. P. 59(e) and 56, made applicable to contested matters by Fed. R. Bankr. P. 9023 and 9014.  At the hearing held on March 7, 2018 the court reaffirmed its ruling that there were material issues of fact in controversy and denied the motion for reconsideration.

Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Bankr. P. 7056; *see also*, In re

-3-

Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." Wright, Miller & Kane, Federal Practice and Procedure, 3d, Vol 10A, § 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. See also, Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also, Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

The court reaffirms its decision that the documents filed by the debtors in opposition to the motion for summary judgment are not bare allegations but do raise a controversy as to who is liable for Carolina's claim, the individual debtors or the corporation.

Motion for Reconsideration

A motion for reconsideration of an order or judgment is not recognized by the Federal Rules of Civil Procedure. In re Pabon Rodriguez, 233 B.R. 212, 218 (Bankr. D.P.R. 1999) *aff'd*, 2001 WL 958803 (1st Cir. 2001) (citing Van Skiver v. United States, 952 F. 2d 1241, 1243 (10th Cir. 1991)). Federal courts treat such a motion as either a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) or a motion for relief of judgment under Fed. R. Civ. P. 60(b). "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within fourteen (14) days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b). Id. In the instant case, Carolina's motion for reconsideration was filed thirteen (13) days after the Orders for which reconsideration was sought were entered. Therefore, the motion will be treated as one under Fed. R. Civ. P. 59(e) made applicable here through Fed. R. Bankr. P. 9023.

Fed. R. Civ. P. 59(e) authorizes the filing of a written motion to alter or amend a judgment after its entry. The motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to reverse its earlier decision. Pabon Rodriguez, 233 B.R. at 218 (citations omitted). The movant "must either clearly establish a manifest error of law or must present newly discovered evidence." Id. See also; BBVA v. Vazquez (In re Vazquez), 471 B.R. 752, 760

(B.A.P. 1st Cir. 2012), citing <u>Aybar v. Crispin-Reyes</u>, 118 F.3d 10, 16 (1st Cir. 1997). The party cannot use a Rule 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court. <u>Id</u>. Generally, when a party is made aware that a particular issue will be relevant to its case but fails to produce readily available evidence pertaining to that issue, the party may not introduce that evidence to support a Rule 59(e) motion. <u>Id</u>. Neither can the party use this motion to raise novel legal theories that it had the ability to address in first instance. <u>Id</u>. The federal courts have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources. <u>Id.</u> In practice, Fed. R. Civ. P. 59(e) motions are typically denied because of the narrow purposes for which they are intended. <u>Id</u>.

Even though the allegations in the motion for reconsideration may comply with the strictures in Fed. R. Civ. P. 59(e), the court notes that in contested matters regarding allowing or disallowing a claim, Fed. R. Bankr. P. 3008 (Reconsideration of Claims) provides a relatively more permissive avenue. Fed. R. Bankr. P. 3008 implements 11 U.S.C. §502(j), which allows for the reconsideration of orders allowing or disallowing a claim.

However, the court concludes, as it did above, that there is a material issue of fact in controversy, who is liable to Carolina, the individual debtors or the corporation they own and which filed a chapter 7 petition. The documents filed by the debtors do contest the allegations made by Carolina, which are essentially based on the invoices attached to the proof of claim. This argument has been debtors' position since the original objection to claim was filed. What has been added is the support to the allegation. The debtors' position since the original objection was filed is that the debt is owed by the corporation and not by themselves individually. What has changed is the support to the allegation.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 15th day of March 2018.

Enrique S. Lamoutte
United States Bankruptcy Judge